# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RENASANT BANK, INC.,** | ) |
| | ) |
| **Plaintiff;** | ) |
| | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO. 19-0733-CG-MU** |
| | ) |
| **AVE, INC.; JOHN ALTAIRE COIL;** | ) |
| **JOHN ASAR COIL; and, JOHN** | ) |
| **KENNETH COIL,** | ) |
| | ) |
| **Defendants.** | |

## ORDER

This matter is before the Court on "Renewed Motion to Stay Case" filed by John Kenneth Coil ("Kenneth"), John Asar Coil ("Asar"), and AVE, Inc. ("AVE") (collectively "Kenneth") (Doc. 140).  John Altaire Coil ("Altaire"), AVE, Inc. ("AVE") and Bokonon, LLC ("Bokonon") (collectively "Altaire") have responded with a pleading entitled "Cross-Claimants' (a) Response to Cross-Claim Defendants' Renewed Motion to Stay Case and (b) Motion to Give Full Faith and Credit to Dallas County District Court Final Judgment and to Try Remaining Issues in the Action" (Doc. 152-1)[1].  For the reasons explained below, the Court finds that Kenneth's motion (Doc. 140) is due to be denied.

---

[1] Altaire initially filed a Response in Opposition to Kenneth's Motion to Stay (Doc. 150) on May 12, 2021.  On May 14, 2021, Altaire filed a Motion to Withdraw its previous response explaining that the same was mistakenly filed and a Motion for Leave to substitute its correct response (Doc. 152), which is hereby GRANTED.  This Order will refer to Altaire's response only as Doc. 152-1.

## DISCUSSION[2]

On March 15, 2021, Kenneth filed a motion to stay this action due to a pending state court action in Texas, which was set for a bench trial on March 16, 2021.  Therein, Kenneth stated, "[i]n that the issue of ultimate ownership of AVE, Inc., is nearly certain to be decided in the Texas case, and being that the resolution of that issue in Texas, between the parties, is all but certain to constitute *res judicata*, on the issue of ownership of Ave, Inc., and its assets, such no other issue is likely to be relevant." (*Id*. at 2; PageID.940).  Therein, Kenneth acknowledged that the pendency of the Texas case did not require staying this action, but argued that given the broad nature of the discovery in this action and the costs associated therewith, in addition to Kenneth's advanced age, and the overlap of issues, this action should be stayed, at least temporarily. (*Id*.)  As such, Kenneth sought to have this action stayed for 90 days, "or until further order of the Court, so as to allow the trial in Texas to proceed (tomorrow 3-16-21), and the parties to discern, based on the ruling in that case, what effect, if any, said case has on this case, allowing the parties to either resolve this case between themselves, based on said ruling, or absent that, by likely cross summary judgment motions based on *res judicata*. (*Id*. at 3; PageID.941).

Altaire objected to Kenneth's previous request for stay.  (Doc. 125, generally). In so doing, Altaire asserted that the ownership of AVE might not be decided in Texas and that the discovery relating to Bokonon was not undertaken in the Texas

---

[2] The factual and procedural background pertaining to this action is detailed in numerous court orders such that it need not be restated with respect to the current motion.

action.   Ultimately, this Court was not satisfied that this action should be stayed and denied Kenneth's motion on April 9, 2021.  (Doc. 131).

On April 26, 2021, Kenneth filed a renewed motion to stay this action "both for terms of practicality, and under the Colorado River Abstention Doctrine" set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  (Doc. 140 at 2; PageID.1185).[3]  Altaire has, again, objected to this action being stayed in part, because this action involves issues that will not be decided by the Texas action.  (Doc. 152-1).  The motion is ripe for adjudication.

### A. Colorado Abstention Doctrine

In *Colorado River*, the Supreme Court held that a federal court could abstain from a case if (1) a parallel lawsuit is proceeding in state court, and (2) the interests of wise judicial administration demand abstention. *Colorado River*, 424 U.S. at 818–20, 96 S.Ct. 1236. Because the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them" and a pending action in state court is "no bar to proceedings concerning the same matter," abstention applies only in "exceptional circumstances" and must be based on "only the clearest of justifications." *Id*. at 813–19, 96 S.Ct. 1236.  "The principles of this doctrine rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. (citation omitted). The Eleventh Circuit has cautioned, however, that "Colorado River abstention is

---

[3] Of note, *Colorado River* was recently relied on by Altaire to support a denial of Kenneth's initial motion to stay.

particularly rare" among abstention doctrines, under which abstention is rarely approved to begin with. *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013); *see also Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004) ("Colorado River abstention is permissible in fewer circumstances than are the other abstention doctrines, which themselves carve out only slender exceptions to the robust duty to exercise jurisdiction.").

To the extent that Kenneth relies on the *Colorado River* doctrine to support a stay, he has again failed to establish that a stay is warranted based on the Texas action. The *Colorado River* abstention analysis begins with a threshold inquiry of whether "there is a parallel state action, which is one involving substantially the same parties and substantially the same issues." *Jackson-Platts*, 727 F.3d at 1140 (citation and internal quotation marks omitted). While it is known that the Texas action resulted in a judgment which addresses the ownership of AVE, Inc., there remain additional issues pending before this Court that were not adjudicated by the Texas court. Namely, as pointed out by Altaire, whether Bokonon is the proper owner of the interplead funds. Kenneth makes no argument with respect to this fact. Nevertheless, if this Court were to find that Bokonon is entitled to the funds, then the issue of AVE, Inc.'s ownership may not need to be determined by this Court and the Texas action would have little to no impact on the ownership of the interplead funds. As a result, it is not predetermined that this action and the Texas action are parallel actions.

4

Even if the Texas action is determined to be a parallel state action, in determining whether to abstain the Court must consider the following factors:

> "(1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties."

*Moorer v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994, 997 (11th Cir. 2004) (citations omitted). "No single factor is dispositive, and we are required to weigh the factors with a heavy bias favoring the federal courts' obligation to exercise the jurisdiction that Congress has given them." *Jackson-Platts*, 727 F.3d at 1141. That said, "[o]ne factor alone can be the sole motivating reason" for the decision in a particular case. *Moorer*, 374 F.3d at 997. "Finally, we apply these factors flexibly and pragmatically, not mechanically." *Jackson-Platts*, 727 F.3d at 1141.

With regard to the above factors Kenneth states as follows:

(a)  notably, nobody who is a current party, actually lives in Alabama. Even Altaire Coil, the claimed Alabama citizen, holds a Texas driver's license, lives in Dallas, and claims Texas citizenship in other cases.

(b)  Nobody wants piecemeal litigation, and

(c)  The law that governs this case, whatever it is, is not Alabama law. It might be Illinois, it might be Texas, but it is not Alabama.

(d)  As John Altaire Coil filed the Texas case, clearly he things [sic] it will preserve his rights.

(e)  As noted, the Texas case has been tried.

(f)  Finally, though not a Colorado River element, there is still the issue that this Court likely lacks personal jurisdiction over this entire dispute, minus the funds on deposit with the Clerk.

(Doc. 140 at 2-3; PageID.1185-86).   Altaire's response does not address the

Colorado Abstention Doctrine at all.  (*See* Doc. 152-1).   Nevertheless, the Court's

independent analysis of the relevant factors does not support abstention in this

instance.  First, while Kenneth states that no parties live in Alabama, Altaire has

claimed to be a resident of Alabama in this litigation.  (*See* Doc. 34).  Moreover,

Kenneth and Asar are both residents of Illinois.  (*See* Doc. 15).  As such, at best

Alabama is just as inconvenient a forum as Texas for Kenneth and Asar and a more

convenient forum for Altaire. Accordingly, this factor does not weigh strongly in

favor of abstention.  As for the progress of the two actions, it is clear that the Texas

action has been tried and this action has not, however, it remains that this action

involves at least one issue not present in the Texas action.  With respect to the

fourth factor (piecemeal litigation), Kenneth simply states "nobody wants piecemeal

litigation".  However, such a desire cannot not justify abstention unless, of course,

abstention prevents piecemeal litigation.  Again, Kenneth fails to address the fact

that currently before this Court are issues that were not and will not be decided by

the Texas action.  While some piecemeal decision-making will result if this action is

not stayed, it remains that if this Court abstained now, eventually this action would

have to be reinstated in order to resolve the issues not resolved by the Texas action.

"When a district court decides to dismiss or stay under *Colorado River*, it

presumably concludes that the parallel state-court litigation will be an adequate

vehicle for the complete and prompt resolution of the issues between the parties. If

there is any substantial doubt as to this, it would be a serious abuse of discretion to

grant the stay or dismissal at all. Thus, the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (citations omitted).  With respect to this action and the Texas action, there is doubt as to whether the Texas action will provide complete and prompt resolution of the issues presented.[4]  Accordingly, abstention is not warranted.

### B. Practicality

Kenneth also relies on practicality to support a stay.  However, the posture of the two actions has not dramatically changed since Kenneth filed his previous motion.  In fact, when this Court previously denied Kenneth's motion to stay, it did so, in part, because the Texas action had already been tried, presumably taking the burden of simultaneously trying cases away from the parties.  The only change since Kenneth's last motion is that the Texas court considered and decided the one issue that overlapped in the two actions, i.e., who owns AVE, Inc.  Kenneth's renewed motion - like his first motion – lacks any convincing reason to stay discovery in this action pending post-trial motions or an appeal of the Texas action.  Once again, however, if at some point in the future, a stay become warranted,

---

[4] While not independently addressed herein above, the Court has additionally considered the other statements presented by Kenneth which he contends support abstention.  However, the Court does not find that these other factors overcome the considerations discussed herein above such that a different conclusion is warranted.

Kenneth remains free to renew his request.  Until that time comes, however, Kenneth's motion is due to be denied.

### C. Full Faith and Credit

Also contained within Altaire's' response to Kenneth's motion to stay is a "Motion to Give Full Faith and Credit to Dallas County District Court Final Judgment".  (Doc. 152-1).  Because Altaire's motion is contained within a response to another pending motion, a briefing schedule was not entered and Kenneth has not had an opportunity to respond to Altaire.  Accordingly, the motion is not ripe for adjudication.  If Altaire wants it addressed as a properly filed motion, he should file it as a motion separate from the one contained in the response. To the extent that Altaire asserts that *Kenneth* seeks this Court to enter an order giving full faith and credit to the Final Judgment rendered by the Dallas County District Court, (*See* Doc. 152-1 at 3; PageID.1279), no such request is apparent in Kenneth's renewed motion.  Accordingly, Kenneth should be given an opportunity to respond to Altaire's requested relief when such request is properly made before this Court.[5]  As a result, to the extent that Altaire's response seeks relief, the same is denied as premature.

---

[5] The Court notes that Altaire has recently filed a Motion for Summary Judgment asserting many of the same arguments he makes in his response.  As such, the Court will resolve those issues once they have been fully briefed by the parties.

## CONCLUSION

For the reasons stated above, the Kenneth's renewed motion to stay (Doc.

140) is **DENIED**.

    **DONE** and **ORDERED** this 27th day of May, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE