IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RENASANT BANK, INC., ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 19-0733-CG-MU |
| ) | |
| AVE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On August 6, 2021, Cross-Claimants Ave, Inc., John Altaire Coil, and Bokonon, LLC ("the Altaire parties") filed a Second Motion for Sanctions against Crossclaim Defendants John Kenneth Coil and John Asar Coil ("the Kenneth parties") seeking sanctions for their continued violations of this Court's orders. (Doc. 184). On September 15, 2021, the Court conducted a hearing on the Second Motion for Sanctions. After hearing argument from both parties and considering all briefs and evidence submitted, as stated on the record at the hearing, the Court **FINDS** that the Kenneth parties have intentionally and repeatedly failed to comply with this Court's orders. Accordingly, the Court hereby **GRANTS** the Altaire parties' Second Motion for Sanctions and **FINDS** that John Kenneth Coil and John Asar Coil are in contempt of Court due to their continued violations of this Court's orders, including, but not limited to, their failure to pay the attorney's fee award of $4,147.50 as originally ordered by the Court on March 5, 2021 and as ordered again on June 11, 2021, at which time the Court specifically advised the Kenneth parties the method and time by which the payment should be made, and their continued failure to produce hard drives and computers as the Court ordered on February 25, 2021. The Court further finds that the failure to produce the hard drives and computers has resulted in irreparable harm and prejudice to the Altaire parties' ability to prove the facts alleged in their crossclaim.

As sanctions for these numerous and intentional violations, pursuant to Rules 37(b)(2)(A) and 37(e), the Court **RECOMMENDS** the following:

1) that the Kenneth parties be **ORDERED** to pay the amount of $4,147.50 to counsel for John Altaire Coil by a cashier's check drawn on the personal account of either John Kenneth Coil or John Asar Coil. The cashier's check must be delivered to **and received by** Evans Crowe, attorney of record for the Altaire parties, on or before **November 1, 2021**. Any variance from this method and timing of payment may result in further sanctions, including sanctions against counsel for the Kenneth parties;

2) that the Kenneth parties be **ORDERED** to pay the attorneys' fees and costs incurred by the Altaire parties in preparing and prosecuting the Second Motion for Sanctions. Counsel for the Altaire parties is **ORDERED** to submit a detailed statement of the amounts incurred on or before **October 18, 2021;**

3) that the following facts, which the Altaire parties assert could have been proven if the hard drives and computers had been produced at the time and in the manner the Court ordered, should be deemed admitted:

    a) Since 2005, John Altaire Coil has owned 100% of the stock in AVE, Inc.

    b) In 2011, Altaire formed Bokonon, LLC, and is the sole member and 100% owner.

    c) Bokonon, LLC, entered into a contract to purchase the real property located at 631 Las Vegas Boulevard, Las Vegas, Nevada.

    d) Bokonon, LLC paid the entire purchase price of the 631 Las Vegas Boulevard property.

    e) Bokonon, LLC is the sole owner of the Renasant Bank funds interplead in this action; and

4) that an order affirming the entry of default in favor of the Altaire parties on all crossclaims asserted against the Kenneth parties be entered and that default judgment on those claims be entered in favor of the Altaire parties and against the Kenneth parties; and

5) that any and other additional sanctions be assessed as deemed necessary by the District Court at the time of entry of its Order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

3

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **5th** day of **October, 2021**.

                                         s/P. BRADLEY MURRAY
                                     **UNITED STATES MAGISTRATE JUDGE**